# EXHIBIT 11: REDACTION AND CHANGE REQUESTS - ROE 1

Dean Inabinet,

I am requesting the following redactions to the Roe 1 investigation report because they are prejudicial in nature and should not be viewed by the committee in their determination of this investigation's outcome. In addition, you stated throughout this process that these investigations would be handled separately and that the investigation reports should not reference other possible complaints and/or investigations. You said the same about character evidence – that it should be excluded. Because of that, I am requesting redactions for statements that reference any other investigation that I may be a part of. Lastly, there are some changes that I am requesting to the summary of my interview as you and your team have documented what I said inaccurately. I believe the summary should have been shared with me to confirm accuracy just as the witnesses are allowed to do so with their interviews.

Please see the specifics of my request below. All page references correspond to the page number of the report and not the slide summary in the Box server.

**Redaction Requests:**

**Page 51:** "Roe 1 told Inabinet when there were social events, John Doe would try to see if the girls were attractive. Also, [Roe 1 – Witness] wanted to keep John Doe away from incoming first year students."

**Rationale:** The first sentence is biased character evidence. The second sentence is not something [Roe 1 – Witness] states in his witness testimony and he makes no mention of it at all. Both statements in conjunction are biased character evidence.

**Page 52:** "Rumors about John Doe assaulting people started to come out" …" John Doe referenced Roe 1 to John Doe's roommate as someone he remembered where things did not go well."

**Rationale:** The first sentence is a prejudicial false rumor. The second sentence is not something I or my roommate made in our statements. It is not true and she cannot put words in my mouth that the committee may believe to actually be mine.

**Page 52:** "Hearing other stories about John Doe with women and Roe 2's experience, Roe 1 felt the common denominator was John Doe being a predator towards women."

**Rationale:** False rumor that is not corroborated by any evidence submitted or witness interviewed. It also makes reference to another person's possible complaint and investigation against me.

**Page 52:** "Roe 1 said she felt a sense of guilt that this happened to someone else because Roe 1 did not report the incident sooner"

**Rationale:** Makes reference to a rumor / another person's possible complaint and investigation against me.

**Page 52:** "Roe 1 said knowing this happened to other people has been the most difficult part of this situation…Roe 1 said classmates started to believe John Doe over the eight women who made claims."

**Rationale:** False rumor that is not corroborated by any evidence or witness submitted. It also makes reference to other possible complaints and investigations against me. This exaggerated and false statement needs to be removed, especially the number eight, which is libel.

**Page 57:** "Roe 1 had a conversation with [her roommate] about filing a complaint when she heard the same things had happened to multiple other women at University. Until the women found out about each other, they thought they were alone in their experience. They seemed to have concerns about whether they would be heard, but once they each found out about one another, they were willing to speak up.

**Rationale:** False rumor that is prejudicial in nature and only is meant to slander my character. It also makes reference to other possible complaints and investigations against me. This exaggerated and false statement needs to be removed.

**Page 60:** "Roe 1 was mindful of and made mention at a [University] student activity fair, for either current or prospective [University] students, that John Doe was going to be proactive about engaging women, more so than with non-women or men."

**Rationale:** Character evidence should not be permitted. This statement is prejudicial.

**Page 60:** "[Roe 1 – Witness] stated he understands Roe 1's motivation to bring forward a complaint was partly because there was at least one other person who connected with Roe 1 who had the same type of interaction with John Doe. That was a stark reminder and driver for Roe 1 to move forward with filing a complaint. [Roe 1 – Witness] recalls there was communication between Roe 1 and potentially more than one other person that had a similar in nature incident with John Doe."

**Rationale:** Makes reference to another person's possible complaint and investigation against me.

**Change Requests:**

**Page 53:** "John Doe said Roe 1 did not appear strongly uncomfortable or upset while in his bedroom."

**Change:** I did not say the above statement. I said "Roe 1 did not feel uncomfortable or upset while in my bedroom." The mention of the word 'strongly' in that statement gives an inaccurate account of what I said and drastically changes the meaning of the sentence in that it can imply that I thought she felt uncomfortable, which I did not think so at all.

**Page 54:** "In response to this information, John Doe said he did not see remember having that conversation."

**Change:** I said "We never had that conversation." I also asked "What specific dates and events did Roe 1 mention where those conversations took place?" and did not receive an answer. The complainant also never mentions when and where those conversations happened in any of her statements.

**Page 54:** "John Doe said they did not talk after the situation. John Doe did not think much of it because John Doe said he had already started dating someone else after that. John Doe said he was seeing someone 3 to 4 months after the encounter with Roe 1.

**Change:** The above sentences are totally inaccurate and need to be modified. Throughout my official response, interview, witness accounts, and the evidence I submitted, I note that Roe 1 and I talked frequently to each other after the alleged incident. The constant communication between us is seen throughout the 20+ pages of messages I submitted and one of my main points.

An accurate summary of what I said is the following: “John Doe said Roe 1 and him did not see each other in person after the alleged incident for some time because they each went home for Thanksgiving / Winter break. They maintained communication via text messages and social media apps. John Doe started dating another person shortly after the alleged incident in a relationship that lasted 3 to 4 months.”

**Page 54:** “John Doe stated Roe 1 bought a ticket to his birthday and in July 2021 they shared an uber together. Roe 1 also attended a pre-game he attended.”

**Change:** I said the following, “Roe 1 bought a ticket to my birthday party in October 2021, shared Ubers with Roe 1 many times during the year and after the alleged incident, and in July 2021 Roe 1 invited me out to a club that she went to with friends. Roe 1 also attended a pregame that I hosted in my apartment three weeks before submitting her complaint.”

Lastly, my interview does not mention all of the punishments that I mentioned I had already received from the University. I have been banned from campus and all university events since Roe 1 submitted her complaint. I had to step down from all of my leadership roles on campus and remove myself from all clubs and organizations that I was a part of. I was not allowed to go on [UNIVERSITY] trips that I had already paid for and thus had to forfeit fares and deposits. Finally, I was only allowed to take classes in the weekend or evening [UNIVERSITY] programs even though I was being charged the same tuition as a full-time [UNIVERSITY] student since November 2021. I mentioned all of these aforementioned points in the interview, so I am not sure why it was not captured when you asked me what was the most difficult part of the situation for me. Please include these points.

I hope that you sincerely review each of my requests from a neutral perspective and remove all of the one-sided character evidence that I noted from this investigation report. The committee should not have to see any prejudicial character statements or rumors about me as this may cloud their judgement and lead to an unfair decision.

Please let me know if you have any questions.

Best,

John Doe