# EXHIBIT 14: RESPONSE TO ROE 1 REDACTION REQUEST

[redacted]

[redacted]

## Redaction and change requets

3 messages

**Jeremy W Inabinet** <inabinet@uchicago.edu> Fri, Mar 18, 2022 at 1:59 PM
To: [redacted]

[redacted]

Your requests for redactions/changes have been reviewed and will be addressed in this email.

You made several requests to change and/or add information to your interview summary, written by Melissa Vergara. As stated in the investigation file, what is written is a summary of the interview and is not intended to be a transcript of the conversation. That being said, Melissa and I have reviewed your requests and the following changes will be made:

Page 53: The word “strongly” will be removed

Page 54: Doe said they did not talk after the situation” will be changed to “Doe said they did not talk about the what happened between the two of them after the situation occurred.”

Page 54: “Doe stated Roe 1 bought a ticket to his birthday party in October 2021, shared Ubers with Roe 1 many times during the year and after the alleged incident, and in July 2021 Roe 1 invited Doe out to a club she went to with friends. Roe 1 also attended a pregame that Doe hosted in his apartment.”

As to the other change requests you made, you have the ability to address your concerns in your optional response, in response to questions from the Committee during the hearing, or in your closing statement at the hearing. You also have the ability to suggest questions to the Committee to ask the Complainant (we will discuss this further during your pre-hearing meeting). [As a note, ou also stated “my interview does not mention all of the punishments that I mentioned I had already received from the University.” This information was part of a different interview]

As to your redaction requests, the information will remain. The Policy does not prohibit character and citizenship information; it prohibits the University from interviewing witnesses whose sole role is to provide character information. I referenced this Policy but did not state character information would not exist. Redacting the information would amount to a relevance determination and it is the Committee’s role to determine if information is or is not relevant and how much weight (if any) it will be given. You should feel free to address this in your optional response, or through the other avenues listed above.

Let me know if you have any additional questions.

Jeremy

Jeremy W. Inabinet, Ph.D.

[redacted]

Associate Dean of Students

in the University for Disciplinary Affairs

The University of Chicago

------------------------------------------------------

Edlestone Center

6030 S Ellis Ave, Office 279

Chicago, IL 60637

773.702.5243

Pronouns: He, his, him

[redacted]

[redacted] Fri, Mar 18, 2022 at 7:02 PM
To: Jeremy W Inabinet <inabinet@uchicago.edu>
Cc: Mike Cheronis <mdc@cheronislaw.com>

Dean Inabinet,

I do not understand why none of my redaction requests were granted. The statements I requested to be redacted on pages 52, 57, and 60 of the report all make reference to other allegations and/or the other investigation I am a part of. One of the statement's on page 52 even mentions Roe 2 's name and alleged experience with me, which has nothing to do with the Roe 1 incident or investigation. Also, Roe 1 claims 'eight women who also made claims', which has to be removed as you and I both know that only Roe 1 and Roe 2 made claims.

Throughout the investigation process, you have told me that the complaints would be investigated and managed separately given that they are from two separate complainants and over a year apart from one another. I do not understand why any reference to the Roe 2 investigation or other possible complaints are being allowed in the investigation report. If the University was truly managing these as two separate processes, then my redaction requests would be granted.

Please reconsider your decision in an unbiased manner as the investigator. Thank you.

Best,
[redacted]

---

[redacted]

[Quoted text hidden]